ALD-122                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4586
_____

IN RE:  JOSEPH ARUANNO,
                                                            Petitioner
_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 26, 2015

Before: RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed March 20, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Joseph Aruanno, proceeding pro se and in forma pauperis, petitions for a writ of

mandamus in connection with the failure of the United States Marshals Service

("USMS") to serve a defendant in a civil action in the United States District Court for the

District of New Jersey, Aruanno v. Officer Caldwell, et al., D.N.J. Civ. No. 09-cv-05652.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2009, Aruanno, who is civilly committed under the New Jersey Sexually Violent Predator Act to the Special Treatment Unit Annex in Avenel, New Jersey, filed an action in the District Court alleging violations of his civil rights by various commissioners, corrections officers, and medical personnel employed by New Jersey's Department of Corrections and Department of Human Services, including Corrections Officer Caldwell. In June 2011, the District Court dismissed Aruanno's amended complaint as to all other defendants and claims, but it ordered that Aruanno's § 1983 excessive force claim proceed against Officer Caldwell.

Because Aruanno was proceeding in forma pauperis, the District Court ordered the USMS to serve the amended complaint on Officer Caldwell. See Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). Despite repeated attempts by the USMS to locate and serve Caldwell, and a second order by the District Court directing service, Caldwell was not served. In October 2013, Aruanno filed a motion seeking Judge Martini's recusal from the case. Judge Martini denied the motion for recusal and again directed the USMS to serve Caldwell. After the USMS reported in November 2014 that it was still unable to find Caldwell, Aruanno filed this petition for mandamus. He seeks an order from this Court (1) directing the USMS to serve the complaint instead on "the 'MANY' other defendants who[] were 'PERSONALLY' involved in this case;" (2) appointing counsel to find Officer Caldwell and to represent Aruanno in the District Court action; (3)

removing District Judge Martini from the case; and (4) directing the District Court to expedite the case.

The District Court docket now indicates, however, that the USMS successfully served Officer Caldwell on December 12, 2014, and Aruanno has since moved for entry of default against him. In light of these developments, Aruanno's mandamus petition is substantially moot.

To the extent that Aruanno seeks to serve any other named defendant, we note that those defendants were dismissed from the case in 2011. To the extent he seeks review of their dismissal, or review of Judge Martini's order denying the motion for his recusal, mandamus is inappropriate. A writ of mandamus is a drastic remedy available only in extraordinary circumstances, where the petitioner has no other adequate means to attain the relief sought. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378–79 (3d Cir. 2005). It may not be used as a substitute for appeal. Id. (citing Cheney v. U.S. Dist. Ct. for Dist. of Columbia, 542 U.S. 367, 380–81 (2004)).

Accordingly, we will deny the petition. The request for appointment of counsel embedded in Aruanno's petition is denied. Aruanno's motions to expedite the petition are also denied.

3